**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0438-23

BOARD OF EDUCATION OF
THE CLEARVIEW REGIONAL
SCHOOL DISTRICT,
GLOUCESTER COUNTY,

 Petitioner-Appellant,

v.

NEW JERSEY DEPARTMENT OF
EDUCATION and DR. ANGELICA
ALLEN-MCMILLAN, ACTING
COMMISSIONER,

 Respondents-Respondents.

_____

Submitted November 7, 2024 – Decided January 16, 2025

Before Judges Currier and Torregrossa-O'Connor.

On appeal from the New Jersey Commissioner of Education, Docket No. 73-3/23

Parker McCay, PA, attorneys for appellant (Jeffrey P. Catalano, on the briefs).

Matthew J. Platkin, Attorney General, attorney for respondents (Donna Arons, Assistant Attorney

General, of counsel; Colin Klika, Deputy Attorney General, on the brief).

PER CURIAM

Petitioner appeals from the September 7, 2023 final decision of the Acting Commissioner of the New Jersey Department of Education (Commissioner)[1] affirming and adopting the Administrative Law Judge's (ALJ) initial decision, which found petitioner ineligible for exemption from an overfunding state aid reduction under N.J.S.A. 18A:7F-68. After conducting a thorough review of the statute and affording the strong deference due to an administrative agency's decision, we affirm.

I.

Petitioner is a regional public school district located in Gloucester County, serving students from the Townships of Harrison and Mantua. The district's board of education as well as all its administrative and school buildings are located in Harrison.

Over the past six years, since the passage of P.L. 2018, c. 67 (S2), the Department has decreased petitioner's state aid because it determined that

---

[1] The Acting Commissioner and the Department of Education are both named respondents in this appeal. They will be referred to collectively as "respondents" and separately as the "Department" and the "Commissioner".

petitioner was overfunded. According to the ALJ's findings, the reduction in state aid from 2018-2023 totaled approximately $1,600,000.

S2 amended the School Funding Reform Act of 2008 (SFRA), N.J.S.A. 18A:7F-43 to -71, which governs public school funding in New Jersey. The SFRA established "a formula to calculate the 'adequacy budget' for each school district," which is an estimate of what it costs a district to provide a constitutionally adequate education to each student. Mack-Cali Realty Corp. v. State, 466 N.J. Super. 402, 418 (App. Div. 2021), aff'd, 250 N.J. 550 (2022). The funding for a school district's budget consists of a combination of local property taxes and state aid. Id. at 419.

To meet its portion of the adequacy budget, each district must provide its "local fair share" which is the amount the district is able to contribute to its adequacy budget based on its ability to raise local revenue. Id. at 418-19; N.J.S.A. 18A:7F-5(b). The State then provides necessary "equalization aid" based on the difference between the district's ability to raise revenue and the required level of funding for its budget. Abbott ex rel. Abbott v. Burke (Abbott XX), 199 N.J. 140, 221-22 (2009).

S2 added a state aid differential variable into the SFRA's aid calculation formula, resulting in recalculations of aid based on the extent to which a school

district may be over- or underfunded. Mack-Cali, 466 N.J. Super. at 420; N.J.S.A. 18A:7F-67. When the state aid differential for a district is positive, meaning the district is overfunded based on their ability to collect revenue, the school district receives a reduction in state school aid according to a yearly schedule prescribed under N.J.S.A 18A:7F-68(b).

The reductions in petitioner's state aid were based on the Department's determination that petitioner was spending below adequacy while the equalized tax rates for the municipalities of Harrison and Mantua exceeded the state average. The Department's projections reflected petitioner is spending 85.072% adequacy, meaning nearly 15% below the full cost to provide a constitutionally adequate education to every student.

In March 2023, the Department issued a state aid notice to petitioner for the 2023-2024 school year, which included another reduction due to petitioner's positive state aid differential. Thereafter, petitioner filed a verified petition for emergent relief with the Department's Office of Controversies and Disputes, alleging it improperly received state aid reductions for the 2021-2024 school

4

years.[2]  Petitioner contended it qualified for the exemption from reductions in state aid under N.J.S.A. 18A:7F-68(c)(3) (the Section 68(c)(3) exemption).

The Section 68(c)(3) exemption provides:

> A school district, . . . that is located in a municipality in which the equalized total tax rate is at least 10 percent greater than the [s]tatewide average equalized total tax rate for the most recent available calendar year and is spending at least 10 percent below adequacy as calculated pursuant to section 1 of [S2] . . . shall not be subject to a reduction in [s]tate aid pursuant to subsection b. of this section.

The matter was transmitted to the Office of Administrative Law and converted to a motion for summary decision.  Petitioner asserted the district, although a regional school district serving students from other towns, is located solely in Harrison since all the district's buildings are there.  Therefore, petitioner contended it qualified for the statutory exemption because it is located entirely in Harrison and the Department's projections were that Harrison had a Municipality Tax Rate as a percentage of state average at 122.316% and the District's Spending as a percentage of adequacy at 85.072%.

---

[2]  The Commissioner determined petitioner's challenge of the state school aid determinations for the 2021-2022 and 2022-2023 school year was untimely under N.J.A.C. 6A:3-1.3(i) (explaining that petitions of appeal must be filed within ninety days of the receipt of the notice of a final order or ruling by the agency.).

The ALJ denied petitioner's motion for summary decision and granted respondents' cross-motion. The ALJ found petitioner did not qualify for the Section 68(c)(3) exemption because it is a regional school district comprised of two constituent municipalities and the plain language of the Section 68(c)(3) exemption, as well as the surrounding statutory funding scheme, excludes regional districts from the exemption.

On September 7, 2023, the Commissioner issued a final decision, adopting the ALJ's initial decision in its entirety and finding petitioner was excluded from the exemption due to its status as a regional school district.

II.

On appeal, petitioner contends the Commissioner acted arbitrarily and capriciously in granting respondents' summary decision motion because the school district fits within the plain language of the Section 68(c)(3) exemption. Petitioner asserts it qualifies for the exemption because (1) the statute does not exclude regional school districts located in a single municipality and it is located solely in Harrison; (2) the equalized total tax rate in Harrison is at least 10% greater than the statewide average equalized total tax rate; and (3) the Department's projections show petitioner is spending 85.072% adequacy, at least 10% below adequacy.

6

The scope of our review of a final agency determination is very narrow. See Allstars Auto Grp., Inc. v. N.J. Motor Vehicle Comm'n, 234 N.J. 150, 157 (2018). "[A] strong presumption of reasonableness" attaches to the actions of an administrative agency. Shuster v. Bd. of Rev., Dept. of Lab., 396 N.J. Super. 240, 246 (App. Div. 2007) (citing City of Newark v. Nat. Res. Council, Dep't of Env't Prot., 82 N.J. 530, 539 (1980)). This weighty presumption further strengthens when, as in the present case, an administrative agency has "technical expertise" and "superior knowledge of its subject matter area, and its fact-finding role." Messick v. Bd. of Rev., 420 N.J. Super 321, 325 (App. Div. 2011). As such, we will not disturb a quasi-judicial determination absent a clear showing "that it was arbitrary, capricious, or unreasonable[;] . . . that it lacked fair support in the evidence[;] or that it violated legislative policies." Campbell v. Dep't of Civ. Serv., 39 N.J. 556, 562 (1963); see also Allstars Auto Grp., 234 N.J. at 157.

Our review of an agency's statutory interpretation is de novo. Brugaletta v. Garcia, 234 N.J. 225, 240-41 (2018). Thus, we are not bound by an agency's statutory interpretation or other legal determinations. Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011).

A-0438-23

However, "[a]n administrative agency's interpretation of statutes and regulations within its implementing and enforcing responsibility is ordinarily entitled to . . . deference." In re Appeal by Progressive Cas. Ins. Co., 307 N.J. Super. 93, 102 (App. Div. 1997). We "give considerable weight to a state agency's interpretation of a statutory scheme that the legislature has entrusted to the agency to administer." In re Election L. Enf't Comm'n Advisory Op. No. 01-2008, 201 N.J. 254, 262 (2010) (citing Richardson v. Bd. of Trs., Police & Firemen's Ret. Sys., 192 N.J. 189, 196 (2007)). The agency is afforded such deference because it brings specialized experience and knowledge to its administration and regulation of a legislative enactment within its field of expertise. See Kasper v. Bd. of Trs. of the Tchrs.' Pension & Annuity Fund, 164 N.J. 564, 580-81 (2000).

In its final decision, the Commissioner agreed with the ALJ's finding that "[e]ven though [appellant] is arguably located in [one] municipality, the statutory funding scheme for regional school districts must take into account the equalized valuation of each constituent municipality."

The Commissioner found that the plain language of the Section 68(c)(3) exemption reflects it

> is not applicable to regional school districts because it presupposes the existence of a single equalized total tax

rate. As written, the statutory exemption simply does not allow for consideration of both the municipality of Harrison's equalized total tax rate and the municipality of Mantua's equalized total tax rate. However, both equalized total tax rates are relevant when considering school funding issues pertaining to regional school districts. See generally Borough of Sea Bright v. State, Dep't of Educ., 242 N.J. Super. 225, 231-32 (App. Div. 1990) (explaining that the costs of a regional school district are apportioned "among the constituent municipalities according to their property values") (emphasis added).

The Commissioner further stated,

[appellant's] interpretation of the statutory exemption is inconsistent with the statutory school funding scheme for regional school districts because it only accounts for Harrison Township's equalized total tax rate while ignoring Mantua Township's equalized total tax rate. Contrary to [appellant's] assertion, the Commissioner does not find the fact that the district's buildings are located solely in Harrison to be dispositive or persuasive. Moreover, N.J.S.A. 18A:7F-68(c)(5) illustrates that had the Legislature wished to craft an exemption for existing regional school districts, it would have done so explicitly. See also N.J.S.A. 18A:7F-32(b) (setting forth a specific methodology to calculate supplemental State aid for certain regional school districts).

When interpreting a statute, we "must presume that every word in [the] statute has meaning and is not mere surplusage." Cast Art Indus., LLC v. KPMG LLP, 209 N.J. 208, 222 (2012) (quoting In re Att'y Gen.'s "Directive on Exit Polling: Media & Non-Partisan Pub. Int. Grps.", 200 N.J. 283, 297-98 (2009)).

9

We "cannot presume the Legislature 'intended a result different from what is indicated by the plain language.'" Simadiris v. Paterson Pub. Sch. Dist., 466 N.J. Super. 40, 49 (App. Div. 2021) (quoting Tumpson v. Farina, 218 N.J. 450, 467-68 (2014)).

We discern no error in the Commissioner's decision. "[A] school district is a local governmental unit governed by the school district's board of education." New Jersey Ass'n of Sch. Bus. Offs. v. Davy, 409 N.J. Super. 467, 484 (App. Div. 2009). The governmental unit of a school district is not "coterminous with municipal boundaries . . . in cases of consolidated or regional districts." Ibid. (quoting Botkin v. Mayor & Borough Council of Westwood, 52 N.J. Super. 416, 425 (App. Div.) appeal dismissed, 28 N.J. 218 (1958)). As the ALJ found, the board of education does not constitute the district.

A primary principle of the SFRA is that "virtually all aid under [its] . . . formula is wealth-equalized." Abbott ex rel. Abbott v. Burke (Abbott XIX), 196 N.J. 544, 556 (2008). Although the SFRA allocates State aid to school districts, the statute "requir[es] certain levels of funding at the local level." Abbott XX, 199 N.J. at 152. As a result, "[e]ach district contributes to its adequacy budget an amount that is based on its ability to raise local revenue." Abbott XIX, 196 N.J. at 556-57.

When determining this, the formula accounts for the equalized valuation

of each municipality within a district, as defined in N.J.S.A. 18A:7F-45:

> "Equalized valuation" means the equalized valuation of the taxing district or taxing districts, as certified by the Director of the Division of Taxation on October 1, or subsequently revised by the tax court by January 15, of the prebudget year. With respect to regional districts and their constituent districts, however, the equalized valuations as described above <u>shall be allocated among the regional and constituent districts in proportion to the number of pupils resident in each of them</u>.
>
> [N.J.S.A. 18A:7F-45 (emphasis added).]

N.J.S.A. 18A:38-7.9 provides:

> a. <u>In the event the designated district is composed of more than one municipality</u>, when allocating equalized valuations or district incomes, pursuant to the provisions of section 3 of P.L.2007, c.260 (C.18A:7F-45), for the purpose of calculating State aid, persons attending schools in the designated district pursuant to section 2 [C.18A:38-7.8] of this act <u>shall be assigned to each municipality comprising the designated district in direct proportion to the number of persons ordinarily attending school from each municipality in the designated district</u> without considering the persons attending pursuant to this act.
>
> b. <u>In the event the designated district is a constituent district of a limited purpose regional district</u>, when allocating equalized valuations or district incomes, pursuant to the provisions of section 3 of P.L.2007, c.260 (C.18A:7F-45), for the purpose of apportioning the amounts to be raised by taxes for the limited purpose regional district of which the designated

11

district is a constituent district, persons attending schools in the designated district pursuant to section 2 [C.18A:38-7.8] of this act shall not be counted.

[N.J.S.A. 18A:38-7.9 (emphasis added).]

Theses statutes, along with the Section 68(c)(3) exemption language, support the Commissioner's reasonable decision that a determination of the funding scheme for regional school districts must consider the equalized valuation of each constituent municipality. The Commissioner's interpretation is consistent with the goals of the legislative and executive branches of government in enacting the SFRA, as the legislation contains "a funding formula that is designed to achieve a thorough and efficient education for every child, regardless of where he or she lives." Abbott XX, 199 N.J. at 175. The SFRA's focus is on a district's constituents rather than where its board of education or buildings are located.

Petitioner also asserts the Commissioner's decision is arbitrary, capricious, and unreasonable because it deems the Section 68(c)(3) exemption inapplicable to regional school districts which, in effect, punishes those districts for making fiscally responsible decisions. Petitioner points out that N.J.S.A. 18A:7F-68(c)(5), which exempts newly formed regional school districts from state aid reductions, should support the reversal of the Commissioner's decision

as it goes against "[c]ommon sense and the actions of the [L]egislature." Appellant also relies on Alfred Vail Mut. Ass'n v. Borough of New Shrewsbury, 58 N.J. 40, 48-50 (1971), asserting that there, "the Court was faced with a question of determining whether a single school district should be excluded from a statute, ultimately finding that such a result was 'arbitrary, [as] lacking a reasonable nexus to the objects of the statute.'"

Although we have found the clear language in the Section 68(c)(3) exemption supports the Commissioner's decision, in considering petitioner's argument that there can be more than one interpretation of the statutory language, a court "may turn to legislative history" to determine the Legislature's intent. State v. Crawley, 187 N.J. 440, 452 (2006). Further, "amendments carry 'great weight' in determining the intention of the original statute." Rogow v. Bd. of Trs., Police & Firemen's Ret. Sys., 460 N.J. Super. 542, 556 (App. Div. 2019) (quoting TAC Assocs. v. New Jersey Dep't of Env't Prot., 202 N.J. 533, 544 (2010)). Here, the Legislature did not modify the Section 68(c)(3) exemption when it enacted recent amendments to the statute, specifically adding other exemptions that apply to regional school districts. See N.J.S.A. 18A:7F-68(c)(5), (6).

Furthermore, Alfred is distinguishable from the circumstances presented here. The Alfred Court found that the law at issue was special legislation that "purport[ed] to be general in character encompassing all school districts meeting the stated criteria," but "was actually tailored to meet the exigencies of [one school district]," since that district was "the only school district which precisely [met] all of the criteria of the statutory classification." 58 N.J. at 46. The Court explained that "[a]fter reviewing the background materials describing the statute's inception, [the Court had] no doubt that it was enacted solely to relieve [the respondent] from what apparently was a disproportionate burden of the school costs . . . ." Id. at 47. Because the "criteria [of the statute] exclude[d] every school district but [one]" it was deemed "arbitrary, lacking a reasonable nexus to the objects of the statute," and "constitute[d] special legislation rather than a general enactment." Id. at 50-51.

Here, the Section 68(c)(3) exemption excludes the classification of all regional district schools and there is no evidence within the legislative history that it was created to solely exclude petitioner.

Consequently, there is no reason to disturb the Commissioner's decision as it was not arbitrary, capricious, or unreasonable; there was substantial credible evidence in the record to support it, and it was consistent with the applicable

statutes and legislative policy. <u>Brady v. Bd. of Rev.</u>, 152 N.J. 197, 210-11 (1997).

To the extent we have not commented on them specifically, all other points petitioner raises on appeal lack sufficient merit to warrant discussion. <u>R.</u> 2:11-3(e)(1)(D).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0438-23